## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SHERMAN BLOCK,

    Petitioner,

vs.

JACK PALMER, et al.,

    Respondents.

3:06-cv-00204-HDM-RAM

**ORDER**

    Sherman Block, a prisoner at Lovelock Correctional Center, in Lovelock, Nevada, has presented the court with a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is the respondents' motion to dismiss the petition as untimely (#16). The court has issued three different orders granting the petitioner an enlargement of time to oppose the respondents' motion, the last giving him until May 14, 2008. (*See* #22, #24 & #26). Petitioner has not filed any response.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") came into effect. Pub.L. No. 104-132, 110 Stat. 1214-1226 (1996). The AEDPA made various amendments to the statutes controlling federal habeas corpus practice. One of the amendments imposed a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

The AEDPA limitations period is tolled while a "properly filed application" for post-conviction or other collateral relief is pending before a state court. 28 U.S.C. § 2244(d)(2). However, "untimely state post-conviction petitions are not 'properly filed' under the AEDPA, and do not toll AEDPA's statute of limitations." *Harris v. Carter*, 2008 WL 341712, at *1 (9th Cir. Feb. 8, 2008) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)). Further, a petition filed in federal court does not toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Petitioner was convicted on January 29, 2001. (Def. Mot. Ex. 3). He did not appeal the

1  conviction to the Nevada Supreme Court until October 4, 2001. (*Id.* Ex. 5). The judgment,
2  however, became final on February 28, 2001. *See* Nev. R. App. Proc. 4(b)(1) (allowing 30 days in
3  which to file a Notice of Appeal). At that point the statute of limitations for filing a federal habeas
4  corpus petition began to run.

5       Petitioner initiated a state post-conviction proceeding on October 4, 2001. (Def. Mot.
6  Ex. 4). That petition for a writ of habeas corpus was ultimately denied by the Nevada Supreme
7  Court in an Order of Affirmance filed on December 19, 2002. (*Id.* Ex. 10). Remittitur in that case
8  issued on January 16, 2003. (*Id.* Ex. 11).

9       Shortly thereafter, petitioner filed a federal habeas petition. The petition was
10 dismissed without prejudice on July 3, 2003, for the petitioner's failure to comply with court orders.
11 (*Id.* Ex. 12). Petitioner then filed two more state habeas petitions, one on August 31, 2004, and the
12 other on April 4, 2005. (*Id.* Exs. 13 & 17). The Nevada Supreme Court affirmed the denial of both
13 petitions as untimely. (*Id.* Exs. 15, 18, 19, 22).

14      Nevada law applies a one-year statute of limitations to petitions challenging the
15 validity of a state judgment or sentence, running from the date of entry of the judgment of
16 conviction. Nev. Rev. Stat. § 34.726. Accordingly, petitioner's second and third state habeas corpus
17 petitions were untimely and did not toll AEDPA's statute of limitations. Nor was the statute of
18 limitations period tolled by petitioner's federal habeas petition. Therefore, the statute of limitations
19 began to run again on January 16, 2003, when the state court resolved petitioner's first, timely filed
20 petition.

21      Petitioner did not submit his federal habeas corpus petition for mailing until April 5,
22 2006. More than 38 months passed between January 16, 2003, and April 5, 2006. Before that, the
23 statute of limitations had been running for more than seven months before the petitioner filed his first
24 state habeas corpus petition. Petitioner's instant petition is thus clearly untimely, as it was filed at
25 least 33 months after the expiration of AEDPA's statute of limitations.

26

3

Accordingly, the respondents' motion to dismiss (#16) is granted and petitioner's petition is dismissed as untimely filed.

**IT IS SO ORDERED.**

Dated, this 28th day of May, 2008.

_____
UNITED STATES DISTRICT JUDGE